**Cornell R. BYRD, Plaintiff–Appellant,**

v.

**Kevin SITKI, et al., Defendants– Appellees.**

No. 99–4161.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001[*].

Decided July 30, 2001.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FLAUM, Chief Judge, EASTERBROOK, KANNE, Circuit Judges.

## ORDER

Illinois prisoner Cornell Byrd sued several employees of Graham Correctional Center under 42 U.S.C. § 1983, alleging that he was punished for threatening to seek redress for his grievances in court. The district court dismissed the case for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a), and Byrd appeals. We affirm.

Byrd does not dispute that he failed to exhaust his administrative remedies but submits that exhaustion would be futile because the prison's review procedure is "tainted" and because he is seeking only monetary damages. But as the Supreme Court held in *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), an inmate seeking only money damages must exhaust administrative remedies even if the grievance process does not provide for monetary relief. And Byrd's contention that exhaustion is not required because the grievance procedure is "tainted" also fails—as we have said before, there is no futility exception to the exhaus-

tion requirement of § 1997e(a). *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.1999); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir.1999). Our focus is on the availability, not the effectiveness, of administrative remedies, *see Massey*, 196 F.3d at 733, and because an administrative review process is available to Byrd, he must exhaust that process even if he believes it to be deficient and regardless of what relief he seeks. *See Perez*, 182 F.3d at 538.

Although we conclude that the district court properly dismissed Byrd's complaint, we disagree with the court's decision in one respect: because the Supreme Court granted certiorari in *Booth* to resolve one of the questions presented by this case, we do not think that Byrd should have received a strike under 28 U.S.C. § 1915(g) for bringing this suit prior to exhausting his administrative remedies. With this modification the judgment of the district court is AFFIRMED.